PER CURIAM.
This is an appeal by Appellant Project Health, Inc., the employer, from four separate orders of Appellee Florida Unemployment Appeals Commission entered in favor of employees Kenneth R. Anderson, M.D., Gail E. Bennett, P.A.-C., Carol A. Colvin, M.D., and Sandra W. Lamphier, M.D. (the “Providers”). We reverse the Commission’s rulings because they are not supported by competent, substantial evidence.
The Providers sent a letter dated October 26, 2000 to Project Health indicating they were resigning effective December 31, 2000 unless the CEO of Project Health was terminated. Project Health accepted the resignation letter and asked for written clarification if their resignation was not intended. The resignation letter was not withdrawn and no written clarification was submitted. The Providers’ last date of employment was December 31, 2000.
Although the Providers had been negotiating new employment contracts with Project Health when the Providers sent their resignation letter, the record lacks any evidence showing that the Providers’ demand for the CEO’s termination was a “counteroffer” in the new contract negotiations as ruled by the Commission. Therefore, according to the express language of their resignation letter, the end of Providers’ employment arose because of Project Health’s unwillingness to terminate its CEO rather than Project Health’s demand for new contractual terms as ruled by the Commission.[1]
Accordingly, the Providers voluntarily left their employment without good cause attributable to Project Health and are disqualified for benefits. See § 443.101(l)(a), Fla. Stat. (2000). Therefore, we reverse the Commission’s orders and remand with instructions to substitute the Appeals Referees’ decisions in Cases 01-4126 and 01-4124, and to enter orders in favor of Appellant in Cases 01-2730 and 01-4129.
BARFIELD, MINER and POLSTON, JJ., concur.

. For example, the Appeals Referee in 01-2730, affirmed by the Commission, erroneously stated that the Providers "gave notice on October 26, 2000, that they would be resigning effective December 31, 2000, if the employer continued to demand they enter into the new employment agreement." (Emphasis added). The letter only demands the termination of the CEO and makes no mention of the employer's continued demands for a new employment agreement.